JjFER CURIAM. *
This attorney disciplinary matter arises from a petition for consent discipline filed by respondent, Glenna C. Fallin, an attorney licensed to practice law in the State of Louisiana.
*222 UNDERLYING FACTS
Since this matter is before the court on a petition for consent discipline, the facts were not developed in detail in the record. However, respondent stipulated that between 1995-1998, she acted primarily as a real estate closing attorney, and wrote title insurance policies for First American Title Insurance Co. (“First American”). During that time, she commingled and converted approximately $324,347.54 in client funds from escrow accounts under her control.[1] First American, in its capacity as title insurer, assumed responsibility for the funds and worked with the lenders to effect the proper payoffs.[2] It subsequently conducted an audit, and filed suit against respondent.
Respondent provided medical documentation showing that she was suffering from severe depression at the time of her misconduct. The evidence indicates she is .currently on medication and her prognosis is “fair.”
DISCIPLINARY PROCEEDINGS
The Office of Disciplinary Counsel (“ODC”) initiated an investigation into the allegations of misconduct. Thereafter, respondent and the ODC filed a joint petition, seeking to place respondent on interim suspension. We granted the motion, and ordered that disciplinary proceedings be instituted. In re: Fallin, 98-2164 (La.8/14/98), 717 So.2d 1128.
| ¡Trior to the filing of formal charges, respondent filed a petition for consent discipline and affidavit in support, in which she acknowledged she commingled and converted the funds from escrow accounts in her control. As a sanction, respondent proposed that she be disbarred from practice, effective from the date of her interim suspension. The ODC filed a concurrence to the consent petition and requested the proposed discipline be adopted. Pursuant to Supreme Court Rule XIX, § 20, the tendered admission was submitted to the disciplinary board.
After considering the facts, the disciplinary board recommended that the petition for consent discipline be approved by the court. It further recommended that respondent be ordered to pay restitution.
Neither respondent nor the ODC filed objections in this court to the disciplinary board’s recommendation.
DISCUSSION
Respondent has admitted to commingling and converting escrowed funds from numerous clients. While no individual clients lost money, her conduct resulted in a substantial loss to the title insurance company, which assumed responsibility for the funds. Additionally, the title insurance company was also faced with the expense of conducting an audit and filing suit against respondent.
Under the guidelines set forth in Louisiana State Bar Association v. Hinrichs, 486 So.2d 116 (La.1986), disbarment is clearly the appropriate sanction under the facts of this case.[3] Accordingly, we will accept the petition for consent discipline.
*223 DECREE
Upon review of the findings and recommendations of the disciplinary board, the | ¡¡petition for consent discipline and the record filed herein, it is the decision of the court that the petition for consent discipline be accepted.
Accordingly, it is ordered that the name of Glenna C. Fallin be stricken from the rolls of attorneys and that her license to practice law in the State of Louisiana be revoked as of August 14, 1998, the date of her interim suspension. It is further ordered that respondent make full restitution. All costs and expenses of these proceedings are assessed to respondent in accordance with Supreme Court Rule XIX, § 10.1.

 Lemmon, J. not on panel. Rule IV, Part 2, § 3.

. Respondent admits that the funds were taken primarily due- to the mismanagement of her office accounts by numerous secretaries, bookkeepers and herself.

. Respondent conceded that in theory, all of her clients were the victims of the commingling; however, since First American made good on the losses, it is the only party actually missing money.

. Hinrichs outlined the factors supporting disbarment in a commingling and conversion case:
In a typical case of disbarment..., one or more of the following elements are usually present: the lawyer acts in bad faith and intends a result inconsistent with his client’s interest; the lawyer commits forgery or other fraudulent acts in connection with the violation; the magnitude of the damage or risk of damage, expense and inconvenience caused the client is great; the lawyer fails to malte full restitution or does so tardily after extended pressure of disciplinary or legal proceedings, [citations omitted].